UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA REGALADO, as successor in interest to decedent RAYMOND REGALADO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FRENSO COUNTY, et al.,<br><br>　　　　　　Defendants. | Case No.  1:23-cv-00672-KES-BAM<br><br>**ORDER VACATING MAY 31, 2024 HEARING**<br><br>**ORDER DENYING MOTION TO AMEND WITHOUT PREJUDICE AND DIRECTING PLAINTIFF TO COMPLY WITH RULE 25 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>**ORDER DISREGARDING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>(Doc. 36) |

　　　　This case arises out of the death of Raymond Regalado while a pretrial detainee awaiting trial on criminal charges in the Fresno County Jail.  Plaintiff Dianna Regalado, as successor in interest to decedent Raymond Regalado, filed a civil rights complaint against Defendants Wellpath, LLC, County of Fresno, and Fresno County Sheriff's Office on May 2, 2023.  (Doc. 1.) Defendants County of Fresno and Fresno County Sheriff's Office answered the complaint on June 9, 2023.  (Doc. 5.)  Defendant Wellpath, LLC filed a motion to dismiss the claims against it on August 7, 2023.  (Doc. 18.)  The motion to dismiss is fully briefed and remains pending before the district judge.

　　　　On April 15, 2024, Plaintiff, through counsel, filed a motion to amend the complaint

pursuant to Federal Rule of Civil Procedure 15(a)(2).  (Doc. 36.)  By the motion, Plaintiff seeks leave to amend to substitute certain successors-in-interest to decedent Raymond Regalado as plaintiffs following the death of Plaintiff Dianna Regalado.  (Doc. 36.)  Plaintiff Dianna Regalado, who purportedly passed away, and reportedly has been succeeded by her daughter, Veronica Regalado.  The decedent also has a surviving minor child, C.R.A., and a surviving adult son, Melchor David Alvarez.  (*Id.* at 4.)  Concurrently filed with the motion is a petition for appointment of Guardian Ad Litem for the minor, C.R.A.  (Doc. 37.)  The motion to amend is set for hearing before the undersigned on May 31, 2024.  (Doc. 38.)  For the reasons that follow, the motion hearing will be vacated, the motion to amend will be denied without prejudice, and the related petition for appointment of guardian ad litem will be disregarded.

<u>Substitution of Parties</u>

Federal Rule of Civil Procedure 15(a) is not the correct mechanism for substitution if a party dies.  *See Akhtar v. Mesa*, No. 2:09-CV-2733 MCE AC, 2013 WL 3199074, at *3 (E.D. Cal. June 21, 2013) ("Rule 15 . . . is inapplicable in the context of a party's death and consequent substitution of a successor-in-interest.").  Rather, Federal Rule of Civil Procedure 25 sets forth the procedures for substitution of parties as successors-in-interest and provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1); *see also Stengel v. Medtronic Inc.*, 306 F.R.D. 230, 232 (D. Ariz. 2015) (" Rule 25(a) of the Federal Rules of Civil Procedure prescribes the procedures for substituting a party when a party in pending litigation dies during the course of litigation.").  Rule 25(a)(1) provides for dismissal of Plaintiff Dianna Regalado's action if a motion for substitution is not made within ninety days after service of a statement noting Plaintiff Dianna Regalado's death. Fed. R. Civ. P. 25(a)(1).  Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and the nonparty successors or representatives of the deceased. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). In order for the ninety-day

period for substitution to be triggered, a party must formally suggest the death of the party upon the record, Fed. R. Civ. P. 25(a)(1), and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of a motion to substitute, Fed. R. Civ. P. 25(a)(3). Thus, a party may be served with the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34. Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served. *Unicorn Tales, Inc., v. Bannerjee*, 138 F.3d 467, 469–71 (2d Cir. 1998).

Plaintiff's motion to amend under Rule 15 does not satisfy the requirements of Rule 25(a)(1) for filing a notice of suggestion of death on the record, nor does it comply with the requirements of Rule 25(a). Because Plaintiff has not filed a notice of suggestion of death on the record or complied with the requirements of Rule 25(a), the motion to amend under Rule 15 will be denied without prejudice.[1] As a result, Plaintiff's related petition for appointment of guardian ad litem will be disregarded. Appointment of a guardian ad litem is not necessary unless C.R.A. is later substituted as a successor for Plaintiff Dianna Regalado.

Plaintiff will be directed to file a notice of suggestion of death on the record and file proof of service of the notice. Any subsequent motion for substitution must comply with the requirements of Rule 25, which provides that "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3).

Based upon the foregoing, the Court ORDERS as follows:

1. The March 31, 2024 hearing on Plaintiff's motion to amend is vacated.

---

[1] Although Plaintiff seeks leave to amend to substitute parties, the Court notes that Plaintiff's proposed first amended complaint also appears to include additional factual allegations. (*See*, *e.g.*, Doc. 36-5, Ex. E ¶¶ 31, 32, 33.) Plaintiff's moving papers do not address these factual allegations. By the instant order, Plaintiff is not precluded from filing an appropriate motion for leave to amend the factual allegations of the complaint under Federal Rule of Civil Procedure 15. The Court makes no determination regarding the merits of any such motion.

2. Plaintiff's motion to amend (Doc. 36) is denied without prejudice.

3. Plaintiff's petition for appointment of guardian ad litem (Doc. 37) is disregarded.

4. Plaintiff's counsel is directed to file a notice of suggestion of death on the record related to Plaintiff Dianna Regalado **within 7 days** of the date of service of this order, and file proof of service of the notice.

IT IS SO ORDERED.

Dated: __**April 24, 2024**__          /s/ *Barbara A. McAuliffe*          
                                  UNITED STATES MAGISTRATE JUDGE

4