UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA REGALADO, as successor in interest to decedent RAYMOND REGALADO,<br><br>Plaintiff,<br><br>v.<br><br>FRENSO COUNTY, et al.,<br><br>Defendants. | Case No.  1:23-cv-00672-KES-BAM<br><br>**ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING WITHIN TWENTY-ONE DAYS**<br><br>**ORDER VACATING HEARING ON PLAINTIFF'S MOTION TO SUBSTITUTE AND MOTION FOR LEAVE TO AMEND COMPLAINT** (Docs. 40, 41) |

This case arises out of the death of Raymond Regalado while a pretrial detainee awaiting trial on criminal charges in the Fresno County Jail.  Plaintiff Dianna Regalado, proceeding as successor in interest to decedent Raymond Regalado, filed a civil rights complaint against Defendants Wellpath, LLC, County of Fresno, and Fresno County Sheriff's Office on May 2, 2023.  (Doc. 1.)  Plaintiff forwarded the following claims:  (1) deliberate indifference to serious medical and mental health needs in violation of the Fourteenth Amendment (Survival Action – 42 U.S.C. § 1983); (2) failure to protect from harm in violation of the Fourteenth Amendment (Survival Action – 42 U.S.C. § 1983); (3) Municipal (*Monell* Liability) for Unconstitutional Policies, Procedures, Practices and Customs (42 U.S.C. § 1983); (4) deprivation of substantive

1

due process rights, loss of parent/child relationship in violation of the First and Fourteenth Amendments (42 U.S.C. § 1983); (5) Negligent Supervision, Training, Hiring, and Retention (Survival Action – California State Law); (6) Wrongful Death (Cal. Code Civ. Proc. § 377.60); and (7) State Civil Rights Violations (Survival Action – California Civil Code § 52.1).  (Doc. 1.)

Upon initiating the complaint, Plaintiff Dianna Regalado confirmed that she was "Decedent's heir" and the "intestate successor in interest" to Decedent's estate.  (Doc. 1 at ¶ 90.)  Plaintiff Dianna Regalado has now passed.  (*See* Doc. 40.)  According to the recently filed motions to substitute and for leave to amend, Veronica Regalado now seeks to substitute into this action as successor in interest to Dianna Regalado, her mother.  (*Id.*)  Plaintiff also seeks leave to amend the complaint to add two new parties, Melchor David Alvarez and C.R.A. (by and through his legal guardian), as survivors and successors in interest to their father, the Decedent.  (Doc. 41.)  Defendants County of Fresno and Fresno County Sheriff's Department have opposed both the motion to substitute and motion for leave to amend.  (Docs. 46, 48.)

In the substitution motion, Plaintiff contends that Dianna Regalado's "causes of action survive her death under the statutory scheme in California and federal 1983 claims." (Doc. 40 at 6.)  Plaintiff additionally contends that "Raymond Regalado's causes of action survive as well because he has direct heirs to his estate, his kids, one of whom is minor." (*Id.*)  Plaintiff further contends that "[r]egardless of whether Dianna's claims survive or not, the decedent's estate has valid heirs, Raymond Regalado's kids and they are proper parties to this action regardless of Dianna's death or whether her claims survive." (*Id.*)

In the motion for leave to amend, Plaintiff indicates that there are new parties to the action as statutory survivors of the Decedent and his estate, "his minor child C.R.A. and adult son Melchor David Alvarez." (Doc. 41 at 2.)  These parties reportedly were "not previously known to Plaintiff at the time of filing this suit" and Plaintiff now requests amendment of the complaint to add these new parties. (*Id.*)  Plaintiff alleges that "the deceased Raymond Regalado and his estate has valid survivors to this action, as Plaintiffs substituting for deceased Dianna Regalado." (*Id.* at 6.)  Plaintiff also asserts that "[r]egardless of whether Dianna Regalado's personal claims survive her death, and they do, the newly added survivors of Raymond Regalado have their personal

claims in this action as his surviving kids and are therefore proper parties to this action." (*Id.*)

In reply in support of the motions, Plaintiff states:

> Veronica Regalado as successor in interest to the decedent and Dianna Regalado, has filed a declaration under CCP 377.32, attached as Exhibit A to the First Amended Complaint, Doc. 41-1, p. 29. As the issue to Dianna Regalado she qualifies as the valid successor in interest to Dianna's personal claims in this lawsuit as a survivor, while children of Raymond Regalado would have superior claims for his personal claims for pain and suffering and violation of his civil rights. They would also be proper heirs in the survival and wrongful death claims.

(Doc. 50 at 10-11.)

The Court has conducted a preliminary review of the motions, oppositions, reply, and the proposed First Amended Complaint. Based on that review, the Court requires supplemental briefing. First, it appears that Plaintiff Dianna Regalado may have been an improper successor in interest of the Decedent for certain of the claims originally asserted in this action. Plaintiff will be required to provide supplemental briefing explaining whether or not she was a proper successor in interest (and for which claims). If she was not a proper successor in interest, then Plaintiff also shall identify the proper successor(s) in interest, explain why the proper successor(s) was not identified until nearly a year after this action was initiated, and demonstrate whether the proper successor(s) can now be substituted in place of Dianna Regalado.

Second, Plaintiff asserts in the reply brief that "the children of Raymond Regalado would have superior claims for his personal claims for pain and suffering and violation of his civil rights." (Doc. 50 at 10-11.) However, in a sworn declaration attached to the proposed First Amended Complaint, Veronica Regalado declares that she is both "Dianna Regalado's and decedent's successor in interest," she "succeed[s] to the decedent's and Plaintiff's interest in the action," and [n]o other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding." (Doc. 41-1 at 29.) Plaintiff's supplemental briefing shall address the discrepancy between Veronica Regalado's declaration and the reply brief.

Third, and relatedly, Plaintiff contends that Veronica Regalado qualifies as the valid successor in interest to "Dianna's personal claims." (Doc. 50 at 10.) However, there is no clear

identification of Dianna Regalado's "personal claims," nor is there an adequate demonstration as to whether those claims have been extinguished upon her death. Plaintiff will be required to provide supplemental briefing as to Dianna Regalado's personal claims.

Fourth, and critically, neither the briefing nor the proposed First Amended Complaint clearly delineate which plaintiffs are proposed to be substituted or added for which claims. As one limited example, the Second Claim for Relief for failure to protect from harm in violation of the Fourteenth Amendment is brought as a survival action under 42 U.S.C. § 1983 by "Plaintiff." (See Doc. 41, Ex. A, at 16 ["By Plaintiff"] and ¶ 60 ["Plaintiff"].) It is not evident which one of the three anticipated plaintiffs is the "Plaintiff" intended to be proceeding with that cause of action, and the Court will not presume counsel's intent. As another example, the Fourth Claim for Relief based on deprivation of substantive due process, loss of parent/child relationship alternately refers to "Plaintiffs" and "Plaintiff." (Doc. 41-1, ¶¶ 79 ["Plaintiff"], 80 ["Plaintiffs"], 81 ["Plaintiff"], 82 ["Plaintiffs"].) In light of these pleading issues, Plaintiff will be required to provide supplemental briefing, along with a revised proposed First Amended Complaint, that (a) clearly identifies which plaintiffs are proposed to be substituted or added to the action for each claim for relief, and (b) demonstrates why that substitution or addition is appropriate and permissible.

The Court recognizes that the briefing requested herein may entail some overlap or repetition, but the Court nonetheless requires a clear, comprehensive explanation of the proposed substitutions and additions sought in this action in order to address the pending motions.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff shall file supplemental briefing addressing each of the above-identified issues within twenty-one (21) days of the date of this Order. Defendants may file a response no later than ten (10) days after the supplemental briefing is filed.

2. The hearings on the motion to substitute (Doc 40) and the motion to amend (Doc. 41) are VACATED, and the motions will be taken under submission upon receipt of the supplemental briefing and any responses.

3. If the Court subsequently determines that oral argument is necessary, it will set a

hearing by separate order.

4. <u>Plaintiff is advised that the failure to file supplemental briefing consistent with this Order will result in a recommendation that the pending motion to substitute and motion for leave to amend be denied with prejudice.</u>

IT IS SO ORDERED.

Dated:  **May 23, 2024**                             /s/ *Barbara A. McAuliffe*   
                                        UNITED STATES MAGISTRATE JUDGE