UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA REGALADO, as successor in interest to decedent RAYMOND REGALADO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FRESNO COUNTY, et al.,<br><br>　　　　　　Defendants. | Case No.  1:23-cv-00672-KES-BAM<br><br>**ORDER GRANTING RENEWED MOTION FOR LEAVE TO AMEND**<br><br>(Doc. 53) |

　　　　This case arises out of the death of Raymond Regalado ("Decedent") while a pretrial detainee in the Fresno County Jail.  Plaintiff Dianna Regalado ("Plaintiff" of "Plaintiff Regalado"), as successor in interest to Decedent, initiated this civil rights action against Defendants Wellpath, LLC, County of Fresno, and Fresno County Sheriff's Office.  (Doc. 1.) Currently before the Court is a renewed motion for leave to amend the complaint to substitute minor C.R.A. and Melchor David Alvarez, Decedent's children, as plaintiffs.[1]  (Doc. 53.)  The Court found the motion suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing set for August 16, 2024.  (Doc. 58.)

　　　　For the reasons that follow, the renewed motion for leave to amend will be granted,

---

[1] Concurrent with the instant motion, Natyshja Alvarez submitted a petition for appointment as guardian ad litem for minor C.R.A.  (Doc. 54.)  The Court will address the petition by separate order.

1

subject to the revisions to the proposed first amended complaint identified by the Court.

**I.   Background**

Plaintiff Regalado initiated this action on May 2, 2023. (Doc. 1.) At that time, Plaintiff confirmed she was "Decedent's heir" and the "intestate successor in interest" to Decedent's estate. (Doc. 1 at ¶ 90.) Plaintiff forwarded the following claims: (1) deliberate indifference to serious medical and mental health needs in violation of the Fourteenth Amendment (Survival Action – 42 U.S.C. § 1983); (2) failure to protect from harm in violation of the Fourteenth Amendment (Survival Action – 42 U.S.C. § 1983); (3) Municipal (*Monell* Liability) for Unconstitutional Policies, Procedures, Practices and Customs (42 U.S.C. § 1983); (4) deprivation of substantive due process rights, loss of parent/child relationship in violation of the First and Fourteenth Amendments (42 U.S.C. § 1983); (5) Negligent Supervision, Training, Hiring, and Retention (Survival Action – California State Law); (6) Wrongful Death (Cal. Code Civ. Proc. § 377.60); and (7) State Civil Rights Violations (Survival Action – California Civil Code § 52.1). (Doc. 1.)

Defendants County of Fresno and Fresno County Sheriff's Office answered the complaint on June 9, 2023. (Doc. 5.) Defendant Wellpath, LLC filed a motion to dismiss the claims against it on August 7, 2023. (Doc. 18.) The motion to dismiss is fully briefed and remains pending before the district judge.

On April 15, 2024, Plaintiff Regalado, through counsel, filed a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Doc. 36.) According to the motion, Plaintiff Regalado passed away on December 12, 2023. However, she had "successors in interest, daughter and grandsons as proper parties to this action," and therefore requested "leave of court to add/substitute new successors." (Doc. 36 at 2.) The motion further indicated that Plaintiff Regalado had "proper beneficiaries and successor in interest as her daughter Veronica Regalado, and grandkids, Raymond Regalado's natural sons C.R.A. and David Melchor Alvarez." (*Id.* at 7.) Concurrently filed with the motion was a petition for appointment of guardian ad litem for minor C.R.A. (Doc. 37.)

On April 24, 2024, the Court denied the motion to amend the complaint without prejudice

2

1  and disregarded the related petition for appointment of guardian ad litem.  (Doc. 39.)  The Court

2  determined that Plaintiff's motion to amend filed under Rule 15 of the Federal Rules of Civil

3  Procedure did not satisfy the requirements of Rule 25(a)(1) for filing of a notice of suggestion of

4  death on the record, nor did it comply with the requirements of Rule 25(a).  The Court therefore

5  directed Plaintiff to file a notice of suggestion of death on the record related to Plaintiff Dianna

6  Regalado and to file proof of service of the notice.  (*Id.*)

7  On April 25, 2024, Plaintiff filed a motion for hearing pursuant to Federal Rule of Civil

8  Procedure 25 to substitute Veronica Regalado as Plaintiff Regalado's successor-in-interest, along

9  with a certificate of death for Plaintiff Dianna Regalado.[2]  (Doc. 40.)  Plaintiff also filed a

10  renewed motion for leave to amend the complaint under Rule 15 to add new parties, C.R.A. and

11  Melchor David Alvarez.[3]  (Doc. 41.)  Defendants County of Fresno and Fresno County Sheriff's

12  Department opposed both the motion to substitute and the motion for leave to amend.  (Docs. 46,

13  48.)

14  On May 24, 2024, the Court directed Plaintiff to file supplemental briefing to address,

15  among other issues, the following:  (1) whether Dianna Regalado was, at the outset of this

16  litigation, a proper successor in interest (and for which claims); (2) identification of the proper

17  successors in interest and whether they can now be substituted in place of Dianna Regalado; (3)

18  discrepancies between Veronica Regalado's sworn declaration that she is both Dianna Regalado's

19  and Decedent's successor in interest and no other person has a superior right and Plaintiff's brief

20  asserting the children of Decedent would have superior claims for Decedent's personal claims for

21  pain and suffering and violation of his civil rights; (4) identification of Dianna Regalado's

---

[2] There is no formal notice or suggestion of death upon the record.  The docket entry is titled "SUGGESTION of DEATH Upon the Record as to Plaintiff Dianna Regalado," but the motion asserts that no statement of death has been filed. (*See* Doc. 40 at, 4, 6.)  Notwithstanding, courts have construed a motion for substitution to be a notice of death when a party's death is mentioned in the substitution motion. *See Renee S. v. O'Malley*, No. 3:23-CV-00480-AHG, 2024 WL 2980781, at *1 (S.D. Cal. June 13, 2024); *Worrell v. Colvin*, Case No. 1:12-cv-3386, 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013); *see also* Fed. R. Civ. P. 25 advisory committee's note (1963) ("A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made.").

[3] Veronica Regalado, Melchor David Alvarez, and C.R.A. (through the proposed guardian ad litem, Natyshja Alvarez.) are reportedly clients of Plaintiff Dianna Regalado's counsel. (Doc. 41, Declaration of Counsel at ¶ 8.)

3

1 personal claims; and (5) identification of which plaintiffs are proposed to be substituted or added
2 to the action for each claim for relief. (Doc. 51.) Additionally, the Court directed Plaintiff to file
3 a revised proposed First Amended Complaint clearly identifying which plaintiffs are proposed to
4 be substituted or added to the action for each claim of relief. (*Id.*)

5 In lieu of filing a supplemental brief, Plaintiff filed the instant motion for leave to amend
6 the complaint under Rule 15. (Doc. 53.) Plaintiff reportedly is presenting the Court with a draft
7 of the First Amended Complaint "dropping Veronica Regalado as a successor in interest and
8 naming only the kids of Raymond Regalado who are bringing this action on their individual
9 behalf for wrongful death and on behalf of the decedent in survival action." (Doc. 53 at 5.)
10 Plaintiff asserts that Decedent's children, C.R.A. and Melchor David Alvarez, have standing to
11 pursue this action on behalf of Decedent and themselves. (*Id.*)

12 **II.    Discussion**

13 Plaintiff contends the proposed amendment is permissible under Rule 15 and the relevant
14 factors under *Foman v. Davis*, 371 US. 178, 182 (1962), primarily because it is timely, not
15 prejudicial to defendants, and C.R.A. and Melchor David Alvarez are proper parties to this action
16 with standing to pursue the action on behalf of Decedent and themselves. (Doc. 53 at 7-16.)

17 Defendants oppose the motion to amend on multiple grounds, including the following: (1)
18 Plaintiff Dianna Regalado was not a proper successor in interest to the Decedent for any claims
19 except those personal to her; (2) there is no identification of which, if any, claims of Dianna
20 Regalado were personal to her or whether such claims were extinguished upon her death; (3) the
21 proposed First Amended Complaint does not clearly delineate which plaintiffs are proposed to be
22 substituted or added to the causes of action; (4) the renewed motion for leave to amend is
23 premature because plaintiffs have failed to file and serve a suggestion of death; and (5) leave to
24 amend is improper under Rule 15 due to futility. (*See generally* Doc. 56.)

25 The Court construes the instant motion as one for leave to file a first amended complaint
26 under Rule 15 to substitute C.R.A. and Melchor David Alvarez as plaintiffs and real parties in
27 interest—as successors in interest to Decedent and for their own individual claims—not as a
28 motion to substitute them as successors in interest to Dianna Regalado under Rule 25. For that

reason, Defendants' arguments related to Dianna Regalado, including whether she was a proper successor in interest, her purported claims, and the notice of suggestion of death, are not dispositive of the Court's analysis under Rule 15.

### 1. Legal Standard

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182. The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

### 2. Analysis

#### a. <u>Prejudice</u>

Undue prejudice to the opposing party is the most important factor in deciding whether leave to amend should be granted. *Eminence Capital, LLC*, 316 F.3d at 1052 ("As this circuit and

1  others have held, it is the consideration of prejudice to the opposing party that carries the greatest
2  weight."). "'Undue prejudice' means substantial prejudice or substantial negative effect.'" *SAES*
3  *Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1085 (S.D. Cal. 2002) (quoting Morongo
4  Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) ). "A need to reopen
5  discovery and therefore delay the proceedings supports a district court's finding of prejudice from
6  a delayed motion to amend the complaint." *Calderon v. Tulare Reg'l Med. Ctr.*, No. 1:17-cv-
7  0040-BAM, 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018) (quotation and citation omitted).
8  Prejudice is generally mitigated where the case is still in the discovery stage, no trial date is
9  pending, and no pretrial conference has occurred. *Id.* (citing *DCD Programs Ltd. v. Leighton*, 833
10 F.2d 183, 187-88 (9th Cir. 1987)).

11     Defendants do not contend that allowing amendment will cause undue prejudice.  Further,
12 this action is in its early stages, and although some discovery has been exchanged and
13 propounded, no discovery deadlines have been set, no trial date is pending, and no pretrial
14 conference has occurred.  The Court therefore finds that this factor weighs in favor of granting
15 leave to amend.

16                   b.   Undue Delay

17     "Undue delay is delay that prejudices the nonmoving party or imposes unwarranted
18 burdens on the court." *Baker v. Nutrien Ag Sols., Inc.*, No. 1:21-cv-01490-ADA-SKO, 2023 WL
19 4352658, at *6 (E.D. Cal. July 5, 2023) (quotation and citation omitted).  In evaluating undue
20 delay, the Court considers "whether the moving party knew or should have known the facts and
21 theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388. "Undue
22 delay by itself is insufficient to justify denying leave to amend." *United States v. United*
23 *Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).

24     Here, it is claimed that Dianna Regalado was unaware that Decedent had two natural sons
25 at the time of filing the suit, and that this information "became known only after the death of
26 Plaintiff Dianna Regalado verified through DNA test."  (Doc. 53 at 7.)  Plaintiff's counsel
27 declares that Dianna Regalado stated:  she "was unaware" of her son having any children, he was
28 not married, and he "lived with her before his arrest, taking care of her financially."  (Doc. 53, p.

1   19-2, Declaration of Counsel Narine Mkrtchyan ¶ 2.)  Plaintiff's counsel further declares that
2   after Dianna Regalado's passing in December 2023, and attempting, without success, to obtain
3   proof of her death in January 2024, a private investigator located Dianna Regalado's "daughter-
4   in-law Natyshja Alvarez," the mother of Decedent's children.  (*Id.*)  Counsel also declares that
5   Ms. Alvarez was "not married" to Decedent, but had lived with Decedent "for some time," and
6   that Decedent was supporting his children financially.  (*Id.*)  Plaintiff's counsel requested that Ms.
7   Alvarez provide proof by DNA test that her children are the children of Decedent, and Ms.
8   Alvarez reportedly provided satisfactory proof.  Ms. Alvarez and her sons were not aware of the
9   lawsuit until Plaintiff's counsel reached out to them.  Plaintiff's counsel further declares that Ms.
10  Alvarez did not obtain Dianna Regalado's death certificate until March 22, 2024.  (*Id.*)

11         Defendants assert that counsel's allegations contain obvious inconsistencies regarding
12  Dianna Regalado having a "daughter-in-law" who was also "not married" to the Decedent, and
13  that significant doubt is cast upon the claim that Dianna Regalado was unaware of her
14  grandchildren despite Decedent living with them and their mother for some time and continuing
15  to financially support them. Defendants further assert that the conflicting assertions raise
16  significant concerns as to the veracity of Dianna Regalado's claim that she was unaware of any
17  grandchildren through the Decedent. (Doc.56 at 9.)

18         The Court acknowledges the inconsistencies, but declines to assess the veracity of Dianna
19  Regalado's statement.  It is sufficient that counsel has attested to the information relayed by
20  Dianna Regalado and that neither Ms. Alvarez nor her children were aware of the lawsuit before
21  being contacted by counsel.  Because amendment of the complaint originally was sought within
22  approximately 3-4 months after counsel located Ms. Alvarez and within approximately 1 month
23  after Ms. Alvarez obtained Dianna Regalado's death certificate, the Court does not find evidence
24  of undue delay.  *See*, *e.g.*, *N. Cal. River Watch v. Ecodyne Corp.*, No. C 10–5105 MEJ, 2013 WL
25  146324, at *4 (N.D. Cal. Jan. 14, 2013) ("Because River Watch sought to amend its pleading
26  within a month after receiving such information, there is no evidence of undue delay. This factor
27  thus weighs in favor of allowing leave to amend.").  This factor therefore weighs in favor of
28  granting leave to amend.  Moreover, even if Defendants could show that all of the relevant

7

1    information regarding the children of Decedent was available at the time of filing the original

2    complaint, thereby demonstrating undue delay, such a showing would still be insufficient on its

3    own to deny leave to amend. *See Baker*, 2023 WL 4352658, at *7.

### c.   Bad Faith

4

5    A motion to amend is made in bad faith when there is evidence of a wrongful motive. *See*

6    *DCD Programs*, 833 F.2d at 187 ("Since there is no evidence in the record which would indicate

7    a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad

8    faith"); *Trujillo v. SSSC, Inc.*, No. 1:21-cv-01691-ADA-BAM, 2023 WL 346801, at *3 (E.D. Cal.

9    Jan. 20, 2023) (finding nothing to suggest motion to amend made in bad faith in the absence of

10   evidence of any wrongful motive).

11   While Defendants do not directly contend that the motion for leave to amend is brought in

12   bad faith, they question the veracity of Dianna Regalado's claim that she was unaware of any

13   grandchildren through the Decedent. (Doc.56 at 9.)  As noted above, however, counsel has

14   attested to Dianna Regalado's statement that she was unaware of Decedent's children.  Counsel

15   also has attested that Ms. Alvarez and Decedent's sons were only identified after the passing of

16   Dianna Regalado.  There is no evidentiary basis to doubt the assertions of counsel, or to ascribe a

17   wrongful motive to counsel or Dianna Regalado.  This factor therefore does not weigh against

18   granting leave to amend.

### d.   Prior Amendments

19

20   The Court's discretion to deny an amendment is "particularly broad" where a pleading has

21   been amended previously. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990);

22   *Calderon*, 2018 WL 4473626, at *3.  Plaintiffs have not previously amended their complaint in

23   this action. Therefore, this factor does not weigh against amendment.

### e.   Futility

24

25   "Leave to amend may be denied if the proposed amendment is futile or would be subject

26   to dismissal." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Saul v.*

27   *United States*, 928 F.2d 829, 843 (9th Cir. 1991)). Proposed amendments are futile if "no set of

28   facts can be proved under the amendment to the pleadings that would constitute a valid and

sufficient claim or defense," *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or when they "are either duplicative of existing claims or patently frivolous," *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014).  However, denial of motions to amend on futility grounds is "rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.* (citation omitted).

Defendants argue granting leave to amend would be futile because: (1) the proposed plaintiffs, namely Decedent's sons, inadequately allege they have standing to bring a survival action under 42 U.S.C. § 1983;[4] and (2) the state law claims against Defendant County of Fresno and the Fresno County Sheriff's Department are improper under the California Government Claims Act and have been extinguished.  (Doc. 56 at 14-20.)

Based on the Court's finding that there is no undue delay or prejudice — and absent any evidence of bad faith or prior amendment — the Court declines to deny the motion for leave to amend purely based on futility grounds. *See Rivkin v. J.P. Morgan Chase, N.A.*, No. 2:14-cv-02662-TLN-EFB, 2016 WL 6094485, at *1–2 (E.D. Cal. Oct. 18, 2016) ("[A] court need not deny a plaintiff's motion for leave to amend based on futility alone."). The Court defers addressing Defendants' arguments about the merits of the proposed claims at this stage of the proceedings. *See Wood v. County of Stanislaus*, No. 2:21-cv-01572-TLN-KJN, 2023 WL 7283525, at *2 (E.D. Cal. Nov. 2, 2023) (declining to deny motion for leave to amend on futility grounds alone where defendants argued that certain new claims were time barred, plaintiff inadequately alleged a *Monell* claim, official capacity claims were redundant, and the state law

---

[4] Defendants assert that proposed amended complaint seeks to substitute Decedent's sister and two children as plaintiffs, citing a previous iteration of the proposed amended complaint. (Doc. 56 at 19, citing Doc. 41, Ex. A.) Defendants contend that Decedent's sister, Veronica Regalado, is not a proper successor in interest to the decedent as his children have superior right to commence an action on behalf of the decedent. (Doc. 59 at 19.) As explained in the motion, the proposed amended complaint seeks to substitute only Decedent's sons, not Decedent's sister, as successors in interest. (*See* Doc. 53 at 5.) Defendants' argument relative to Decedent's sister is therefore moot.
  Notwithstanding this determination, the Court notes that the proposed first amended complaint continues to name Veronica Regalado as a plaintiff in this action. (See Doc. 53-1, Ex. A, p. 3:3-5) Accordingly, Plaintiffs will be required to omit all reference to Veronica Regalado from the first amended complaint.

9

claims were improper under the California Government Claims Act). Further, whether Plaintiffs have adequately pleaded their claims under § 1983 is a question better addressed on a motion to dismiss. *See*, *e.g.*, *Ross v. Wilmington Savs. Fund Soc'y, FSB*, No. 2:22-cv-07922-MCS-RAO, 2023 WL 3431911, at *2 (C.D. Cal. Mar. 7, 2023) ("Whether Plaintiff has adequately pleaded her proposed new claims is a question better addressed on a motion to dismiss"); *Antablin v. Motion Picture Costumers, Loc. #705*, No. 2:18-cv-09474-MCS-AS, 2021 WL 4732929, at *2 (C.D. Cal. July 6, 2021) ("Whether Antablin adequately pleaded her proposed new claim is a question better addressed on a motion to dismiss."); *Macias v. WMC Mortg. Corp.*, No. 09cv1374-WQH-JMA, 2010 WL 114006, at *3 (S.D. Cal. Jan. 6, 2010) (deferring consideration of challenges to the merits of proposed amended pleading until after leave to amend granted and the amended pleading filed, provided plaintiffs could demonstrate or adequately allege that they are the real parties in interest to assert the claims).

Moreover, while the motion to amend only references Rule 15, the request to substitute the plaintiffs in this action implicates Rule 17 of the Federal Rules of Civil Procedure. Rule 17 mandates that an action "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 17(a)(3) explicitly affords the plaintiff an opportunity to join or substitute the real party in interest prior to dismissal of the case. Fed. R. Civ. P. 17(a)(3); *Baker v. Nutrien Ag Sols., Inc.*, No. 1:21-cv-01490-ADA-SKO, 2023 WL 4352658, at *6 (E.D. Cal. July 5, 2023) (granting leave to amend where proposed amendment would permit plaintiff to prosecute case in the name of real party in interest). Defendants do not argue that the proposed plaintiffs are not the real parties interest as successors in interest to Decedent.

On balance, the relevant factors weigh in favor of permitting the proposed amendment. However, Defendants are not precluded from renewing their challenges on a motion to dismiss or other appropriate responsive pleading.

**CONCLUSION AND ORDER**

Based on the above, IT IS HEREBY ORDERED that:

1. The renewed motion for leave to amend complaint (Doc. 53) is GRANTED, subject to the omission of all references to Veronica Regalado in the first amended complaint.

2. Within ten (10) court days, Plaintiffs shall file their proposed First Amended Complaint, a copy of which was attached as Exhibit 1 to the motion, with the revision identified by the Court in this Order.

3. Defendants shall file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following service of the First Amended Complaint.

IT IS SO ORDERED.

Dated: __November 8, 2024__          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE