UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R.A. by and through his legal guardian NATASHJA ALVAREZ, MELCHOR DAVID ALVAREZ, as successors in interest to decedent RAYMOND REGALADO,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO COUNTY, et al.,<br><br>Defendants. | Case No.  1:23-cv-00672-KES-BAM<br><br>ORDER STAYING PROCEEDINGS AGAINST DEFENDANT WELLPATH, LLC PURSUANT TO 11 U.S.C. § 362(a)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE STAYED |

This action commenced on May 2, 2023.  (Doc. 1.)  The operative first amended complaint, which was filed by Plaintiffs C.R.A. (by and through his legal guardian Natyshja Alvarez) and Melchor David Alvarez, asserts claims against Defendants:  (1) Wellpath LLC; (2) County of Fresno; (3) Fresno County Sheriff's Department; and (4) Does 1-25.[1]  (Doc. 63.)  Trial has not been set.

On November 15, 2024, Defendant Wellpath, LLC ("Wellpath") filed a suggestion of bankruptcy and notice of stay indicating that on November 11, 2024, Wellpath filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas (Houston

---

[1] Based on the filing of the first amended complaint, the Clerk of the Court is directed to update the caption of this action as reflected in this order.  (*See* Doc. 63.)

1

Division) for relief under chapter 11 of the United States Bankruptcy Code.  (Doc. 61.)

Based on the suggestion of bankruptcy and notice of stay, this Court vacated the December 17, 2024 Scheduling Conference and directed Plaintiffs to file a status report within ten days of the bankruptcy court lifting or modifying the stay.  (Doc. 62.)  Having further considered the matter, the Court vacates its directive to file a status report and issues the instant order.

Pursuant to Section 362 of the Bankruptcy Code, all actions against a defendant who has filed a bankruptcy petition are automatically stayed once the petition is filed.  11 U.S.C. § 362(a) (staying "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title").  Accordingly, all proceedings in this matter against Wellpath are STAYED pursuant to 11 U.SC. § 362(a).

However, in this circuit, section 362(a) does not empower bankruptcy courts to stay proceedings against non-debtor defendants, such as Defendants County of Fresno and Fresno County Sheriff's Department.  *See In re Miller*, 262 B.R. 499, 503-04 & n.6 (B.A.P. 9th Cir. 2001); *In re Silverman*, 616 F.3d 1001, 1005 n.1 (9th Cir. 2010) (holding that non-bankruptcy courts should "treat the BAP's decision as persuasive authority given its special expertise in bankruptcy issues and to promote uniformity of bankruptcy law throughout the Ninth Circuit"); *see also Acosta v. Valley Garlic, Inc.*, No. 1:16-cv-01156-AWI-EPG, 2017 WL 3641761, at *1 n.1 (E.D. Cal. Aug. 24, 2017), on reconsideration, No. 1:16-cv-01156-AWI-EPG, 2018 WL 288017 (E.D. Cal. Jan. 4, 2018) (citing *In re Miller* and declining to stay proceedings against non-debtor defendants).  Because the Court is persuaded by *In re Miller*, the Court declines to stay proceedings against the non-debtor defendants in this action, Defendants County of Fresno and Fresno County Sheriff's Department, pursuant to 11 U.S.C. § 362(a).

Nonetheless, district courts have the inherent power to stay a lawsuit.  *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).  If an independent and related case is pending, in certain circumstances federal courts may stay the instant suit while the independent proceeding

moves forward. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

To determine whether a *Landis* stay is appropriate, courts weigh the following competing interests: (1) whether there is a fair possibility that a stay will cause damage; (2) whether a party may suffer hardship or inequity if a stay is not imposed; and (3) whether a stay will contribute to the orderly course of justice. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Additionally, a *Landis* stay (4) cannot be imposed only for judicial economy and (5) cannot be indefinite and result in undue delay. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066-67. A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case." *Levya*, 593 F.2d at 863.

In light of the pending bankruptcy proceeding, IT IS HEREBY ORDERED that:

1. The Court vacates its directive to file a status report, as stated in Doc. 62.
2. **Within twenty-one (21) days** of the date of service of this order, Plaintiffs shall show cause in writing why the entire action should not be stayed until the bankruptcy proceeding in the related case is resolved.
3. **Within twenty-one (21) days** of the date of service of this order, Defendants County of Fresno and Fresno County Sheriff's Department shall file written notice advising the Court of their position regarding a stay of these proceedings pursuant to *Landis*.

IT IS SO ORDERED.

Dated:   **December 13, 2024**         /s/ *Barbara A. McAuliffe*
                                                                   UNITED STATES MAGISTRATE JUDGE