UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R.A. by and through his legal guardian NATYSHJA ALVAREZ, MELCHOR DAVID ALVAREZ, as successors in interest to decedent RAYMOND REGALADO,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO COUNTY, et al.,<br><br>Defendants. | Case No. 1:23-cv-00672-KES-BAM<br><br>ORDER DENYING MOTION TO STAY BRIEFING ON MOTION FOR PROTECTIVE ORDER |

On July 29, 2025, this Court held a status conference and set briefing schedules on the motion to dismiss filed on December 10, 2024, by Defendants Fresno County and Fresno County Sheriff's Office, (Doc. 64), and the motion for protective order to stay discovery pending a final ruling on the motion to dismiss filed on July 28, 2025, by Defendants Fresno County and Fresno County Sheriff's Office, (Doc. 86).[1]  (Doc. 89)

On August 14, 2025, Plaintiffs C.R.A., by and through his legal guardian Natyshja Alvarez, and Melchor David Alvarez filed an administrative relief motion to strike Defendants' motion to dismiss and to stay Defendants' motion for protective order pursuant to Local Rule

---

[1] The Court also set a filing deadline and briefing schedule for any anticipated motion to amend the complaint to add defendant(s).  (Doc. 89 at 2.)

1

233.  (Doc. 91.)  Plaintiffs move the district court to strike Defendants' motion to dismiss for failure to comply with the Court's Standing Order.  Further, because Defendants' motion for protective order is based on the motion to dismiss, Plaintiffs' assert that "briefing on the motion for a protective order should be stayed pending resolution of [the] motion for administrative relief."  (*Id.* at 1.)  In seeking to strike the motion to dismiss, Plaintiffs contend that they "are prejudiced because they are forced to respond to a motion for protective order that is meritless because it is based on a meritless motion to dismiss that was filed in violation of the Court's Standing Order."[2]  (*Id.* at 4.)  Defendants filed an opposition to the motion for administrative relief on August 19, 2025.  (Doc. 93.)

      The Court construes Plaintiffs' motion to stay as a request to stay their briefing on Defendants' motion for protective order pending resolution of the motion for administrative relief.  The Court finds that such a request is unnecessary.  Prior to any ruling by the district court on the motion for administrative relief, Plaintiffs filed their opposition to Defendants' motion for protective order on August 15, 2025.  (Doc. 92.)  Thus, the only outstanding briefing on that motion is Defendants' reply, which is due on August 29, 2025.  (Doc. 89 at 1.)  Defendants have not requested a stay of the reply brief pending the district court's ruling on the motion for administrative relief.  Accordingly, Plaintiffs' motion to stay their briefing on Defendants' motion for protective order is DENIED.  Plaintiffs' motion for administrative relief to strike Defendants' motion to dismiss remains pending before the district court and the briefing schedule on the motion to dismiss remains as set by the Court, (Doc. 89).

IT IS SO ORDERED.

    Dated:  **August 25, 2025**     /s/ *Barbara A. McAuliffe*
                                                               UNITED STATES MAGISTRATE JUDGE

---

[2] The Court expresses no opinion on the merits of Plaintiffs' motion for administrative relief or their request to strike Defendants' motion to dismiss.