UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R.A. by and through his legal guardian NATYSHJA ALVAREZ, MELCHOR DAVID ALVAREZ, as successors in interest to decedent RAYMOND REGALADO,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO COUNTY, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00672-KES-BAM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER<br><br>(Doc. 86) |

Currently before the Court is Defendants Fresno County and Fresno County Sheriff's Department's motion for protective order to stay discovery under Federal Rule of Civil Procedure 26(c). (Doc. 86.) Plaintiffs opposed the motion on August 15, 2025. (Doc. 92.) Defendants replied on August 27, 2025. (Doc. 97.) The Court found the motion suitable for decision without oral argument pursuant to Local Rule 230(g) and vacated the hearing set for October 10, 2025. (Doc. 103.)

For the reasons that follow, Defendants' motion for protective order will be granted.

**I.      Relevant Background**[1]

On May 2, 2023, Dianna Regalado filed the original complaint in this action as successor in interest to decedent Raymond Regalado. (Doc. 1.) Dianna Regalado passed away on

---

[1] The parties are familiar with the lengthy procedural history in this action, and it will not be recounted except as necessary to resolve the pending motion.

1

December 12, 2023.

On November 8, 2024, after multiple motions to amend and/or to substitute the proper successor in interest, the Court granted leave to amend the complaint to substitute C.R.A. and Melchor David Alvarez as plaintiffs and real parties in interest—as successors in interest to decedent and for their own individual claims. (Doc. 59.) Plaintiffs filed their first amended complaint on November 19, 2024. (Doc. 63.) The first amended complaint includes the following claims against Defendants Fresno County and Fresno County Sheriff's Department: (1) deliberate indifference to serious medical and mental health needs in violation of the Fourteenth Amendment (Survival Action - 42 U.S.C. § 1983); (2) failure to protect from harm in violation of the Fourteenth Amendment (Survival Action - 42 U.S.C. § 1983); (3) municipal (*Monell*) liability for unconstitutional policies, procedures, practices, and custom (42 U.S.C. § 1983); (4) deprivation of substantive due process rights in violation of the First and Fourteenth Amendments (42 U.S.C. § 1983); (5) negligent supervision, training, hiring, and retention (Survival Action – California State Law); (6) wrongful death (Cal. Code Civ. Proc. § 377.60); and (7) state civil rights violations (Survival Action – Cal. Civ. Code § 52.1). (*Id.*)

On December 10, 2024, Defendants filed a motion to dismiss the first amended complaint. (Doc. 64.) In their motion, Defendants contend that because neither plaintiff filed a government claim against Defendants as required by the Government Claims Act, Plaintiffs' state law causes of action should be dismissed. Defendants also contend that because Plaintiffs have failed to plead that they have standing to bring the federal survival causes of action arising under § 1983, those claims also should be dismissed. (*Id.*) Plaintiffs opposed the motion on September 9, 2025. (Doc. 100.) Defendants replied on October 3, 2025. (Doc. 102.) The motion remains pending before the district judge.

On July 28, 2025, Defendants filed the instant motion for protective order to stay discovery in this action pending a final ruling on Defendants' motion to dismiss the first amended complaint. (Doc. 86.) Defendants contend that the motion to dismiss addresses Plaintiffs' state and federal claims and may dispose of the entire case. (Doc. 86 at 6-8.) With respect to the state law claims, Defendants explain that the motion to dismiss argues that Plaintiffs' state law claims

2

1  are legally insufficient for failure to file the requisite government claim, and Plaintiffs' failure to
2  have filed a mandatory government claim bars their state law causes of action. (*Id.* at 6-7.)  With
3  respect to the federal claims, Defendants explain that the motion to dismiss challenges the § 1983
4  federal survival causes of action because Plaintiffs have not plead that they have standing to bring
5  a survival action. (*Id.* at 7.)  Defendants therefore assert that discovery should be stayed in this
6  matter to achieve the goal of efficiency for the Court and the parties and because Plaintiffs have
7  not filed a legal sufficient complaint, which is a necessary prerequisite to discovery.  (*Id.* at 7-8.)
8         On August 15, 2025, Plaintiffs opposed the motion for protective order.  (Doc. 92.)
9  Plaintiffs first contend that the motion misleads the court, is frivolous, and merits sanctions under
10 Federal Rule of Civil Procedure 11 because "it is based on a false claim that defendant County's
11 motion to dismiss is dispositive of all Plaintiff's [sic] claims."  (*Id.* at 1.)  Plaintiffs next contend
12 that Defendants' motion to dismiss is not dispositive of all of Plaintiffs' claims "as Plaintiffs have
13 demonstrated standing to pursue these claims under California state survival statute for federal
14 law claims." (*Id.* at 2.)  Lastly, Plaintiffs contend that they would be heavily prejudiced by a stay
15 in discovery pending resolution on a non-dispositive motion to dismiss.  Plaintiffs indicate that
16 the case has been stayed for two years without Plaintiffs being able to conduct any discovery, and
17 given the Court's docket, there is a likelihood the motion to dismiss will be pending for a long
18 time.  Plaintiffs contend that a stay is prejudicial and inefficient. (*Id.* at 15.)
19         On August 27, 2025, Defendants filed their reply to Plaintiffs' opposition.  (Doc. 97.)
20 **II.     Legal Standard**
21        A district court "has wide discretion in controlling discovery." *Little v. City of Seattle*,
22 863 F.2d 681, 685 (9th Cir. 1988). A motion to stay discovery pending resolution of a potentially
23 dispositive motion may be granted for good cause. *See Body Xchange Sports Club, LLC v. Zurich
24 Am. Ins. Co.*, No. 1:20-cv-01518-NONE-JLT, 2021 WL 2457482, at *2 (E.D. Cal. June 16, 2021)
25 ("Though the Ninth Circuit has not provided a clear standard for evaluating a motion to stay
26 discovery pending resolution of a potentially dispositive motion, it has affirmed that district
27 courts may grant such a motion for good cause.") (citations omitted).  Similarly, Federal Rule of
28 Civil Procedure 26 states that "[t]he court may, for good cause, issue an order to protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

"[T]he Federal Rules of Civil Procedure does [sic] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am. Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. 2011). "Indeed, district courts look unfavorably upon such blanket stays of discovery, because delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Salazar v. Honest Tea, Inc.*, No. 2:13-cv-02318-KJM-EFB, 2015 WL 6537813, at *1 (E.D. Cal. 2015) (internal citations and quotations omitted). "In evaluating a motion to stay, a court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (internal citations and quotation marks omitted); *see also ColfaxNet, LLC v. City of Colfax*, No. 2:19-cv-02167-WBS-CKD, 2020 WL 4818895, at *4 (E.D. Cal. Aug. 19, 2020), reconsideration denied sub nom. *ColfaxNet, LLC v. Colfax*, No. 2:19-cv-2167 WBS-CKD, 2020 WL 5518397 (E.D. Cal. Sept. 14, 2020).

A two-part test is used to determine whether to grant a stay of discovery pending the resolution of a potentially dispositive motion. *See ColfaxNet*, 2020 WL 4818895, at *4. First, the pending motion "must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* (citation omitted). Second, the court must determine "whether the pending dispositive motion can be decided absent discovery." *Id.*

### III. Discussion

#### A. Potentially Dispositive Motion

In determining whether to issue a stay, California district courts evaluate the dispositive nature of the underlying motion in various manners. *United States v. Dynamic Med. Sys. LLC*, No. 1:17-cv-01757-JLT-SAB, 2023 WL 1995522, at *4 (E.D. Cal. Feb. 14, 2023). "Some courts, in taking a 'peek' at the merits of the potentially dispositive motion, have conducted fairly in-

4

1  depth analyses of the underlying motion, sometimes requiring the defendant to establish a strong
2  likelihood of success on the merits in order to receive a stay of discovery." *Id.* (citing cases); *see*
3  *also Roe v. Rodriguez*, No. 1:22-cv-01574-JLT-SAB, 2023 WL 2752537, at *4 (E.D. Cal. Mar.
4  31, 2023) (same). Here, however, because it is the district judge who is responsible for resolving
5  Defendants' underlying motion to dismiss, this Court's review of the pending motion is limited.
6  *Dynamic Med. Sys*, 2023 WL 1995522 at *4 ("[W]ith respect to the instant matter, it is the
7  District Judge, and not this Court, who is responsible for resolving Defendants' underlying
8  motions to dismiss. Accordingly, this Court's 'peek' at the merits, while consistent with the
9  general practice of courts in this District, is limited."); *see also Britt v. Lennar Corp.*, No. 1:23-
10 cv-1475-KES-BAM, 2024 WL 2117258, at *3 (E.D. Cal. Apr. 8, 2024). The Court is not
11 required to decide who will prevail in the pending motion to dismiss.[2] *Est. of Jackson v. City of*
12 *Modesto*, No. 1:21-cv-00415-AWI-EPG, 2021 WL 5989754, at *3 (E.D. Cal. Dec. 17, 2021).
13 Rather, the Court conducts "a preliminary review of the pending dispositive motion." *Id.*

14         Defendants contend that the motion to dismiss addresses Plaintiffs' state and federal
15 claims, and the motion may dispose of the entire case. (Doc. 86 at 6-8.) Plaintiffs counter that
16 the motion to dismiss is non-dispositive, arguing the merits of the underlying motion to dismiss
17 and asserting that even if the Court found a deficiency in their claims, Plaintiffs would be allowed
18 to amend the complaint. (Doc. 92 at 5.) Plaintiffs indicate that, at best, they would be foreclosed
19 from pursuing the state law claims. (*Id.*)

20         Defendants' motion to dismiss seeks dismissal of Plaintiffs' state law claims for (1)
21 negligent supervision, training, hiring and retention under state law; (2) wrongful death under
22 California Code of Civil Procedure section 377.60; and (3) state civil rights violations under
23 California Civil Code section 52.1. (*See* Doc. 64 at 10.) Defendants' motion to dismiss also seeks
24 dismissal of Plaintiffs' § 1983 federal survival causes of action, which Defendants identify as
25 causes of action for "deliberate indifference to serious medical and mental health needs, failure to

---

[2] The Court therefore will not address the parties' arguments concerning the substantive merits of the underlying motion to dismiss. The Court also will not address Plaintiffs' related assertions regarding the frivolousness of Defendants' arguments in support of their motion to dismiss and Plaintiffs' call for Rule 11 sanctions.

1 protect from harm under the Fourteenth Amendment and Section 1983, or municipal liability
2 under Section 1983." (*See id.* at 15.) The motion also challenges Plaintiffs' federal cause of
3 action for deprivation of substantive due process rights. (*Id.* at 16.)

4 Without determining the merits of the pending motion to dismiss, and based on a
5 preliminary review, the Court finds that the underlying motion to dismiss, if successful, would be
6 fully dispositive of Plaintiffs' claims against Defendants. The motion seeks dismissal of all
7 claims asserted against Defendants. Thus, this consideration supports granting the requested stay
8 of discovery.

**B. Necessity of Discovery to Resolve Pending Motion to Dismiss**

10 As to the second part of the test, it does not appear that any discovery is necessary to
11 resolve the pending motion to dismiss. The motion to dismiss is fully briefed and set for hearing
12 before the district court. (Docs. 64, 89, 100, 102.) Moreover, Plaintiffs' opposition to the motion
13 to dismiss makes no assertion that any discovery is necessary to withstand the motion. Indeed, in
14 their opposition, Plaintiffs aver that Defendants' motion to dismiss is a "facial challenge to the
15 Complaint." (Doc. 100 at 6.) Given that no discovery appears to be required for the district
16 court to rule on the motion to dismiss, the second part of the two-part test supports granting the
17 requested stay of discovery.

**C. Good Cause**

19 Additionally, the Court finds good cause for a temporary stay of discovery. The Court has
20 not issued a scheduling order in this case and no discovery deadlines have been set. If
21 Defendants' motion to dismiss does not resolve the case, then Plaintiffs will not be prejudiced by
22 a delay in discovery. However, proceeding with discovery before the pleadings in this action are
23 settled may result in unnecessary motion practice, litigation costs, and a waste of judicial
24 resources. *See Britt*, 2024 WL 2117258, at *3.

25 ///
26 ///
27 ///
28 ///

6

**IV.   Conclusion and Order**

For the reasons stated, and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' motion for a protective order, (Doc. 86), is GRANTED;
2. Discovery in this action is STAYED pending a ruling on Defendants' motion to dismiss Plaintiffs' first amended complaint.

IT IS SO ORDERED.

Dated:   **October 14, 2025**            /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

7